IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASQUAL AGUILAR,

    Plaintiff,                      No. CIV S-10-862 FCD KJM PS

    vs.

CITIMORTGAGE, INC.,              FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Defendant's motion to dismiss was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

    Plaintiff filed this action on April 8, 2010. On August 9, 2010, defendant filed a motion to dismiss, to which plaintiff did not timely respond. By order filed August 30, 2010, plaintiff was given additional time in which to file opposition to defendant's motion and was cautioned that failure to file opposition would be deemed a statement of non-opposition.[1]

---

[1] Although it appears from the file that plaintiff's copy of the order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of a current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

Plaintiff still has not filed an opposition and the time for filing opposition expired on September 29, 2010.

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case brought by plaintiff, which has been proceeding forward since plaintiff initiated this action more than five months ago. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendant already has briefed its motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial – witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and thus has precluded the court's evaluation of the potential merits of such an opposition. Under these circumstances, the fourth factor is outweighed by the others.

/////

1 Focusing on the fifth <u>Al-Torki</u> factor and warning regarding imminent dismissal, as required by <u>Oliva</u>, the court in its order of August 30, 2010 has advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendant's motion to dismiss, all to no avail.  From plaintiff's failure to respond to the most recent order and failure to file opposition, the court finds that plaintiff has abandoned this litigation.  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 4, 2010.

_____
U.S. MAGISTRATE JUDGE

006
aguilar-citimtg.57